```
                                                        CLERK'S OFFICE U.S. DIST. COURT
                                                              AT ROANOKE, VA
                                                                   FILED
               IN THE UNITED STATES DISTRICT COURT               JUN 1 3 2007
              FOR THE WESTERN DISTRICT OF VIRGINIA
                         ROANOKE DIVISION                  JOHN F. CORCORAN, CLERK
                                                           BY: /s/ J. Bright
                                                                  DEPUTY CLERK
```

| | |
|---|---|
| JOSEPH BOWLER, )<br>  Plaintiff, ) | Civil Action No. 7:07-cv-00288 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| WARDEN TRACY S. RAY, et al., ) | By: Hon. James C. Turk |
|   Defendants. ) | Senior United States District Judge |
| ) | |

Plaintiff Joseph Bowler, a Virginia inmate acting pro se, brings this action as a civil action, pursuant to 42 U.S.C. §1983. Bowler applies to proceed in forma pauperis. In his complaint, Bowler asserts that by keeping him in segregated confinement for seven years, officials of the Virginia Department of Corrections (VDOC) have violated, and continue to violate, his constitutional rights. Upon review of the record, the court concludes that Bowler's request to proceed in forma pauperis must be denied, and the complaint must be dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

Court records indicate that Bowler has filed at least three prior civil actions, in forma pauperis, that were dismissed as malicious, frivolous, or for failure to state a claim: Bowler v. Braxton, 7:03-cv-00652 (W.D. Va. December 3, 2003)(dismissed under §1915A, failure to state a claim); Bowler v. Young, 7:03-cv-00231 (W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); Bowler v. Young, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of

1

physical harm related to his claims. A prisoner may invoke the imminent danger exception to the §1915(g) "three strikes" provision only to seek relief from a danger which is imminent at the time the complaint is filed. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

Bowler's past confinement in segregation cannot, alone, demonstrate imminent danger of physical harm sufficient for in forma pauperis under § 1915(g). Moreover, Bowler does not allege facts indicating that he is currently in any imminent threat of physical harm related to his continued confinement in segregation. He also fails to show that his lengthy confinement in segregation is out of his control; his own attachments include disciplinary reports indicating that he is in segregation because of infractions he has committed as recently as October 2006.

For these reasons, the court finds that Bowler fails to allege facts sufficient to satisfy the "imminent danger" requirement for in forma pauperis under §1915(g), and will deny his request to proceed in forma pauperis under this provision. As Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g), the court will dismiss this action without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 13th day of June, 2007.

                                            Senior United States District Judge